Joseph LYNN, Plaintiff,

v.

Linda SMITH and Theresa M. Dunbar, Defendants.

Civ. No. 84–1032.

United States District Court, M.D. Pennsylvania,

June 2, 1986.

Terrence V. Gallagher, Robert J. Farrell, Gallagher & Farrell, Scranton, Pa., Lawrence J. Moran, Scranton, Pa., for plaintiff.

Thomas Blozusiak, Dist. Atty. Gen., Office of Attorney General, Allentown, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff filed this action dated August 1, 1984 pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1985(3), requesting injunctive relief and damages for alleged violations of the First and Fourteenth Amendments, as well as a state claim of intentional infliction of emotional distress. By Order dated August 13, 1985, 628 F.Supp. 283, this court granted judgment for defendants on all of plaintiff's claims except the one claim of invasion of privacy and denied summary judgment on plaintiff's state law claim for emotional distress. After supplemental briefs were filed, by Order dated December 9, 1985, the court granted defendants' Motion for Summary Judgment on the federal claim and dismissed the state law claim thereby closing the case. Presently before the court is defendants' Motion for Attorney's Fees pursuant to 42 U.S.C. § 1988 and Fed.R. Civ.P. 11 in which defendants contend that many of plaintiff's claims were frivolous. For the reasons set forth below, the motion will be denied.

Specifically, defendants maintain that five of plaintiff's seven claims were frivolous, *viz.*, the prior restraint claim, due process and equal protection claims and the section 1983 and 1985 claims. In response, plaintiff argues that his claims had sufficient factual basis so as to avoid a finding of frivolity.

### I. *Legal Standard*

A. Section 1988

Section 1988 provides that in any action to enforce a provision of the civil rights laws, the court, in its discretion, may allow the prevailing party a reasonable attorney's fees as part of the cost. 42 U.S.C. § 1988 (1981). Because defendants pre-

vailed on their motion for summary judgment, they are considered prevailing parties for purposes of section 1988.

In *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), the court held that a district court *may in its discretion* award a prevailing defendant attorney's fees upon a finding that plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith. The Supreme Court also gave the following cautionary instructions:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most outright claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial, the law may change or clarify in the midst of litigation. Even when the law on the facts appears unquestionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 421–22, 98 S.Ct. at 700–01.

■ By its terms, section 1988 places the decision of the award in the court's discretion. In other words, while a prevailing defendant may receive an award of attorney's fees only upon a finding that plaintiff's claims were frivolous, unreasonable and without foundation, such a finding does not automatically result in an award of fees. To grant the award is still within the discretion of the court.

**B. Rule 11**

Rule 11 of the Federal Rules of Civil Procedure requires a different analysis.

Rule 11, as amended, explicitly provides for sanctions to be imposed upon an attorney who violates the certification that good grounds exist for the pleading and that the pleading is not submitted for delay purposes.

> The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances, a more stringent standard than the original good-faith formula. ... Thus, subjective bad faith is no longer a predicate to a Rule 11 violation; the test is now an objective one of reasonableness.

*Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535 (3d Cir.1985). In *Eavenson,* our Court of Appeals cautioned that "in exercising its discretion, the district court 'is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring *what was reasonable to believe at the time the pleading, motion, or other paper was submitted.*'" *Id.* at 540 (emphasis in original) (citations omitted).

With the appropriate legal standards set forth, the court addresses the arguments raised by the parties in this motion.

### II. *Merits*

As a preliminary matter, the court notes that the issue of fees and costs here presents a very close question. As this court recognized in *Krushinski v. Roadway Express, Inc.,* Civ. No. 84–1006, slip op. at 6 (M.D.Pa., Dec. 20, 1985):

> The court is disturbed with plaintiff's shotgun approach to litigation in this matter. While some claims in a case may be valid, it is inappropriate for any attorney to append a barrage of claims in the hopes of somehow finding the target, clouding the issues or for any other improper reason.

More and more, attorneys are ignoring the dictates of Rule 11 and fail to make even the most cursory investigation into the underlying facts and case law of an action.

■ In the case *sub judice,* after a review of the record as a whole and in exercise of its discretion, the court will not award attorney's fees pursuant to section

1988 or Rule 11. While plaintiff was ultimately unsuccessful, this court is not prepared to hold as a matter of law that bringing these claims and pursuing them was so without foundation as to justify an award of fees. Plaintiff, for example, withdrew his due process claim and conceded the merits of defendants' arguments set forth by defendants in support of the motion for summary judgment. In such a case, an award of fees would not be justified.

Similarly, plaintiff's theory that as a "whistle-blower," defendants had violated section 1985(3) and the equal protection clause was, at least, plausible. While economic conspiracies are not cognizable under section 1985(3), plaintiff could still argue that his "whistle-blowing" constituted a protected activity. Additionally, it was plaintiff's position that because he had filed criminal and civil complaints against his supervisor, retaliatory measures had been taken against him. In support, plaintiff filed depositions of Attorneys Michael Barrasse, Paul Walker and Ernest Preate. *See* Document 15 of the Record. These depositions lend at least plausible support for plaintiff's claim of retaliation. Additionally, statements in these depositions hint at a possible prior restraint theory and, perhaps, lend enough factual support for this claim which would justify plaintiff's pursuit of the claim.

Under these circumstances, the court is not prepared to hold as a matter of law that these claims were so without foundation, so frivolous or so unreasonable that an award of fees would be merited. In so finding, however, it should be clear that this court is not finding that plaintiff was justified in bringing these claims. Rather, the court in the exercise of its discretion, will not award attorney's fees under the facts and circumstances of the case as a whole.

An appropriate Order will enter.