Albert J. **GAIARDO** and Patricia **Gaiardo**, his wife, Plaintiffs,

v.

**ETHYL CORPORATION**, a/k/a Ethyl Corporation, Visqueen Division, Defendant.

Civ. No. 86–0818.

United States District Court, M.D. Pennsylvania.

April 9, 1987.

Order affirmed 835 F.2d 479.

Gene E. Goldenziel, Needle and Goldenziel, Scranton, Pa., for plaintiffs.

Joseph Lenahan, Scranton, Pa., for defendant.

---

## MEMORANDUM AND ORDER

KOSIK, District Judge.

On November 26, 1986 this court granted the defendant's motion for summary judgment and dismissed the plaintiffs' wrongful employment termination case[1], 697 F.Supp. 1377. Thereafter the defendant filed a motion for Rule 11 sanctions against the plaintiffs and their counsel. Said motion has been briefed by the parties and therefore is ripe for disposition.[2]

■ Fed.R.Civ.P. 11 provides in pertinent part that an attorney should not submit a pleading unless "it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not to be interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11 further authorizes the court to impose appropriate sanctions upon an attorney who violates his certification that good grounds support his pleading and that the pleading is not interposed for delay. *Walsh v. Schering-Plough Corp.*, 758 F.2d 889, 895 (3d Cir.1985). Under Rule 11, the standard for testing conduct is reasonableness under the circumstances. *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985). Moreover, the grant or denial of a Rule 11 motion for sanctions is within the district court's sound discretion. *Id.* Finally, when exercising its discretion, the district court "is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, ... was submitted." Notes of Advisory Committee on Rules, 1983 Amendment, Fed.R.Civ.P. 11. *See also Holtzman,* supra, 775 F.2d at 540.

1. *See* Doc. 19.

2. It should also be noted that on March 31, 1987 the defendant submitted an article entitled "Judicial Sanctions under Federal Rule 11" in further support of its motion.

3. In *Novosel,* the plaintiff/employee, who had no written contract with defendant/employer, alleged that the defendant breached an implied contract created by defendant's custom and

In the present case, the defendant contends that the plaintiffs instituted this action only to harass the defendant and to needlessly waste the defendant's time and money. The defendant also maintains that the plaintiffs' action was lacking factual foundation and that it was not based upon existing law. The plaintiffs claim that at the time they filed the instant action, existing case law did not eliminate wrongful discharge suits. The plaintiffs further argue that they were trying to expand the public policy exception to the at-will presumption.

■ We do not think sanctions are appropriate in this case. In the complaint, plaintiff Albert J. Gaiardo alleged that he was discharged by the defendant corporation because he refused to fabricate production records as to quality control of the defendant's product. In the case of *Geary v. U.S. Steel Corporation,* 456 Pa. 171, 319 A.2d 174, 180 (1974), the court created a public policy exception to the presumption that absent a provision setting forth the duration of a contract for personal services, it is terminable at will by either party. Under the facts alleged by the plaintiffs, their attempted reliance upon the public policy exception carved out by the *Geary* Court was reasonable. Furthermore, our determination that the *Geary* exception did not apply in the plaintiffs' case, did not render the plaintiffs' conduct as unreasonable.

Moreover, the Third Circuit Court of Appeals has been liberal in allowing adequate discovery prior to dismissing wrongful discharge cases in which the plaintiff/employee was an employee at-will. *See Novosel v. Nationwide Ins. Co.,* 721 F.2d 894 (3d Cir. 1983); *See also Wolk v. Saks Fifth Avenue, Inc.,* 728 F.2d 221 (3d Cir.1984[3]). In

practice promising continued long-term employment so long as his job performance was satisfactory. The defendant/employer filed a motion to dismiss and the district court granted it. The Court of Appeals held that the district court erred in foreclosing discovery concerning the defendant/employer's internal discharge procedures. *Novosel,* supra, 721 F.2d at 903. The Appeals Court stated that the plaintiff/employee should have been allowed discovery since the

the present case, we construed the defendant's motion to dismiss as a Rule 56 motion for summary judgment. We permitted such a transformation because the parties had submitted various documents outside of the pleadings, including the defendant's personnel policies and employment manual. However, if the outside materials were not submitted and the court was presented only with a motion to dismiss, we would have allowed the commencement of discovery and ruled the motion to be premature.

Under the objective test mandated by Rule 11, we feel that when the plaintiffs and their counsel filed this action, it was reasonable to believe that their pleading had merit. Additionally, we have seen no evidence in the record to substantiate the defendant's charge that the plaintiffs' sole purpose in filing this action was to harass the defendant. Accordingly, we shall deny the defendant's motion for Rule 11 sanctions.

### ORDER

NOW, this 9 day of April, 1987, IT IS HEREBY ORDERED THAT: the defendant's motion for Rule 11 sanctions is denied.

alleged contractual procedures by which the defendant failed to abide was a factual matter that was sufficient to survive a motion to dismiss. *Id.* at 902–903.

In *Wolk,* the plaintiff/employee claimed that her discharge by defendant/employer violated the contractual guarantees of employment provided in the defendant's personnel manual. The district court held that even though there was no written contract between the parties and under Pennsylvania law plaintiff was an employee at-will the plaintiff's contract claim should not be dismissed outright. Rather the court permitted ample discovery into the personnel procedures of the defendant store. On appeal the Third Circuit Court approved of the district court's ruling in this respect. *Wolk,* supra, 728 F.2d at 224.