**John D. THRUSH, Plaintiff,**

v.

**Clarence C. MORRISON, and Donna G. Thrush, Defendants.**

**Civ. No. 86–1466.**

United States District Court, M.D. Pennsylvania.

July 27, 1987.

Allen H. Smith, York, Pa., for plaintiff.

Dianne E. Dusman, Harrisburg, Pa., Nancy Gilberg, Office of Legal Counsel, Philadelphia, Pa., for defendants.

## OPINION

MUIR, District Judge.

### I. Introduction.

On October 20, 1986, John D. Thrush filed this action pursuant to 42 U.S.C. § 1983 seeking to enjoin the Defendants from enforcing an order against him pursuant to the Pennsylvania Divorce Code and a declaration that the equitable distribution section of the Pennsylvania Divorce Code is violative of the United States Constitution. By order of February 17, 1987, this Court dismissed the case on the ground that it lacked subject matter jurisdiction to review a decision of the Pennsylvania Supreme Court. On April 16, 1987, Donna G. Thrush filed an application for counsel fees and expenses pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 11.

On June 2, 1987, a hearing was held on Donna G. Thrush's application for counsel fees and expenses. The following are the Court's findings of fact, discussion, and conclusions of law.

### II. Findings of Fact.

1. On April 15, 1981, Donna G. Thrush filed a divorce action against John D. Thrush in the Court of Common Pleas, Dauphin County, Pennsylvania.

2. The Honorable Clarence C. Morrison entered an order, date unascertainable from the record, dissolving the marriage of John D. and Donna G. Thrush and ordered the marital property equitably distributed pursuant to the Pennsylvania Divorce Code.

3. John D. Thrush appealed Judge Morrison's order to the Superior Court of Pennsylvania, alleging, inter alia, an unconstitutional taking of property under the United States Constitution.

4. On July 12, 1985, the Superior Court, relying on *Bacchetta v. Bacchetta,* 498 Pa. 227, 445 A.2d 1194 (1982), held that Pennsylvania's equitable distribution statute is constitutional.

5. John D. Thrush did not file a motion for reconsideration in the Superior Court of Pennsylvania.

6. On August 13, 1985, John D. Thrush petitioned the Supreme Court of Pennsylvania for allowance of appeal from the order of the Superior Court.

7. On May 29, 1986, the Supreme Court of Pennsylvania denied John D. Thrush's petition.

8. John D. Thrush did not appeal the decision of the Supreme Court of Pennsylvania to the United States Supreme Court.

9. On October 20, 1986, John D. Thrush filed a complaint in the United States District Court for the Middle District of Pennsylvania pursuant to 42 U.S.C. § 1983 raising the identical issues he had raised in the Pennsylvania courts.

10. On February 17, 1987, this Court dismissed the complaint.

11. The complaint bears the signature of attorney Allen H. Smith.

12. Attorney Smith knew at the time he filed the complaint, or should have known after conducting a reasonable inquiry, that Donna G. Thrush was not a government official.

13. Attorney Smith knew when he filed the complaint, or should have known after conducting a reasonable inquiry, that Donna G. Thrush had not acted and did not intend to act in concert with a state actor in any way which would have rendered her liable under 42 U.S.C. § 1983.

14. Attorney Smith knew or should have known after reasonable inquiry prior to filing the complaint that "state action" is a prerequisite for liability under 42 U.S.C. § 1983.

15. Attorney Smith knew or should have known after reasonable inquiry prior to filing the complaint that only the United States Supreme Court has jurisdiction to review a decision of the highest court of a state.

16. The complaint contained a claim for attorney's fees.

17. Attorney Smith has not sent his client, John D. Thrush, a bill for services rendered.

18. Attorney Smith did not execute a fee agreement with his client, John D. Thrush.

19. Attorney Smith did not maintain contemporaneous records of time spent on this case.

20. The facts alleged in the complaint were sworn to by John D. Thrush.

21. John D. Thrush swore that the Defendants were sued "... individually and in their official capacities...."

22. John D. Thrush knew at the time he signed the affidavit attached to the complaint that his ex-wife, Donna G. Thrush, had no "official capacity."

23. John D. Thrush swore that "... Defendants have acted under color of authority of the law of the Commonwealth of Pennsylvania or in active concert with such defendant who was so acting."

24. At the time John D. Thrush signed the affidavit he knew his ex-wife, Donna G. Thrush, had never been in a position such that she could act under color of state law.

25. At the time John D. Thrush signed the affidavit he knew his ex-wife had only filed an action for divorce and had defended appeals in the state courts.

26. John D. Thrush is an Administrative Law Judge with the Social Security Administration.

27. John D. Thrush earns approximately $60,000–$62,000 annually.

28. John D. Thrush assisted in preparing the complaint in this case.

29. John D. Thrush directed Attorney Smith to a forms book containing sample complaints for actions filed pursuant to 42 U.S.C. § 1983.

30. On November 17, 1986, Donna G. Thrush filed a motion to dismiss the complaint.

31. In the motion to dismiss Donna G. Thrush raised the issues of subject matter jurisdiction, failure to state a claim pursuant to 42 U.S.C. § 1983, the full faith and credit clause, and collateral estoppel.

32. John D. Thrush's sole argument in opposition to the motion to dismiss was that he had been denied a "full and fair opportunity" to litigate the constitutionality of the Pennsylvania Divorce Code in the state courts.

33. Donna G. Thrush retained attorney Dianne Dusman to represent her in this case.

34. Donna G. Thrush earns $14,800 annually.

35. Attorney Dusman agreed to seek payment of counsel fees and expenses under the Civil Rights Act, 42 U.S.C. § 1988 and Fed.R.Civ.P. 11.

36. In Attorney Dusman's representation of Donna G. Thrush she filed a Motion to Dismiss the Complaint, a Brief in Support, a Reply Brief, an Application for Counsel Fees and Expenses, a Brief in Support, a Reply Brief, a Pre-trial Memorandum and Proposed Findings of Fact and Conclusions of Law.

37. Attorney Dusman maintained a detailed record of the time spent and tasks performed in this action.

38. Attorney Dusman maintained time records contemporaneously with the work performed.

39. Attorney Dusman kept itemized records of expenses related to this case.

40. The total attorney's fees incurred defending the case were $2,754.00.

41. The total costs incurred defending the case were $14.03.

42. The total attorney's fees incurred with respect to the application for counsel fees were $2,988.00.

43. The total costs incurred with respect to the fee application were $163.00.

44. Attorney Dusman charged an hourly rate of $60.00.

### III. Discussion.

Donna G. Thrush contends that she is entitled to an award of attorney's fees against John D. Thrush and his attorney, Allen H. Smith, pursuant to Fed.R.Civ.P. 11 and 42 U.S.C. § 1988. We shall first address the claim brought under Rule 11 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 11 which governs the signing of pleadings and motions requires that each pleading or motion be signed by an attorney. The Rule provides in relevant part that

> ... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other papers is signed in violation of this Rule, the Court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Although the Rule states that the Court "shall impose" a sanction if a paper is signed in violation of the Rule, the sanction to be imposed rests within the Court's discretion. *Eavenson, Auchmuty, and Greenwald v. Holtzman,* 775 F.2d 535 (3d Cir.1985).

The notes of the Advisory Committee on the Federal Rules make it clear that Rule 11's provisions are designed to discourage dilatory or abusive tactics and to reduce the number of frivolous claims and defenses brought in federal courts. Fed.R.Civ.P. 11 Advisory Committee Note. The standard for testing conduct under Rule 11 is objective reasonableness under the circumstances. *Eavenson, Auchmuty, and Greenwald v. Holtzman,* 775 F.2d 535, 540 (3d Cir.1985). In considering whether Attorney Smith formed a belief after a reasonable inquiry that the pleadings filed in this case were well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, we must determine what was reasonable for him to believe at the time the pleadings were submitted.

In our view this case falls squarely within the parameters of the type of frivolous claims for which Rule 11 allows the Court to impose sanctions. The allegations are so entirely frivolous and groundless as to evince an improper purpose on the part of John D. Thrush and his attorney in filing the complaint.

The complaint indicates *on its face* that this Court lacks jurisdiction to hear the case. It alleges that John D. Thrush's civil rights were violated by his ex-wife, Donna G. Thrush who filed a divorce action against him and the Honorable Clarence C. Morrison, the judge who granted the divorce and ordered the marital property equitably distributed, because the equitable distribution section of the Pennsylvania Divorce Code is unconstitutional. Paragraph 10 of the complaint states:

> 10. Plaintiff appealed the order and decree [of Judge Morrison] to the Superior Court of Pennsylvania alleging an unconstitutional taking of property under the Constitution of the United States and under the Constitution of Pennsylvania, which appeal was denied by the Superior Court of Pennsylvania in its Decision of July 12, 1985.

Paragraph 11 of the complaint states:

> 11. Plaintiff petitioned the Supreme Court of Pennsylvania for allowance of appeal from the final order of the Superior Court of Pennsylvania and by letter of June 4, 1986, Plaintiff was advised that his petition for allowance of appeal was denied.

The above quoted paragraphs show that this Court was in essence being called upon to review a decision of the highest court of the state of Pennsylvania which we may not do. Only the United States Supreme Court may review such decisions. 28 U.S.C. § 1257; *Atlantic Coastline Ry. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). This rule of law may not be subverted by the filing of an action in a federal district court cast in the form of a civil rights suit. *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986), *citing District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206 (1983). A minimum of research would have revealed this fundamental principle of law to John D. Thrush and his attorney, Allen H. Smith.

Additionally, John D. Thrush and his attorney, Allen H. Smith, became aware that 28 U.S.C. § 1257 precluded this Court from reviewing the Pennsylvania Supreme Court's denial of John D. Thrush's petition by Donna G. Thrush's motion to dismiss. They opposed it nonetheless. Attorney Smith's signature on the brief in opposition therefore constituted a further violation of Rule 11. At the time the brief was filed he knew or clearly should have known that this Court had no jurisdiction and that opposing the motion was without merit and a waste of judicial resources.

The claim for relief against Donna G. Thrush pursuant to 42 U.S.C. § 1983 was also patently frivolous. To state a claim under 42 U.S.C. § 1983, the conduct complained of must be committed by a person acting under color of state law, *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), or in concert with someone acting under color of state law. *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). Paragraph 6 of the complaint states:

6. Defendants are sued individually and in their official capacities. Relief is sought against them as well as their agents, assistants, employees, and persons acting in concert or cooperation

with them or at their direction or under their supervision.

Paragraph 7 of the complaint states:

7. At all times relevant herein Defendants have acted under the color of authority of the law of the Commonwealth of Pennsylvania or in active concert with such Defendant who was so acting.

No facts were alleged in the complaint showing what Donna Thrush's official capacity was or how she acted in concert with someone acting under color of state law in an official capacity. At the hearing Attorney Smith testified that he did not make any inquiry as to whether Donna G. Thrush acted in an official capacity or in concert with an official. This admission constitutes a clear violation of Rule 11's requirement that the pleading after reasonable inquiry be well grounded in fact. Moreover, Mr. Thrush, who is himself no stranger to the law and who swore in an affidavit attached to the complaint that the facts alleged were true, knew that his ex-wife had not acted under color of state law in an official capacity or in concert with a state official. When asked at the hearing what official capacity he was referring to in ¶ 6 and ¶ 7 of the complaint he answered, "I can't really think what official capacity she would have."

Mr. Thrush did testify that he directed Mr. Smith to a forms book containing sample 42 U.S.C. § 1983 complaints. It seems that the form rather than fact was relied upon in drafting the complaint in this case. No semblance of a reasonable inquiry as is required by Rule 11 was made as to whether the allegations of the complaint were well grounded in fact or law. This is particularly apparent in light of the fact that in defense of the Rule 11 motion both John D. Thrush and his lawyer conceded that Donna G. Thrush has not acted in an official capacity under color of authority of the Commonwealth of Pennsylvania.

John D. Thrush argues that a Rule 11 sanction is not merited because the complaint was based on a good faith argument for an extension, modification, or reversal of existing law. The gist of his argument is that after exhausting all available state

court remedies, litigants may raise identical claims in a federal district court if they have been denied a full and fair opportunity to litigate their claims in the state courts. This theory would not only negate in substantial measure the rule that only the United States Supreme Court may review a decision of the highest court of a state under 28 U.S.C. § 1257 but would also greatly expand the jurisdiction of the lower federal courts. At a time when the federal courts are more burdened than ever before and when serious discussion has focused on *limiting* the jurisdiction of federal courts by abolishing or modifying the requirements for diversity jurisdiction, we are not persuaded that this argument to expand jurisdiction has been made in good faith. Furthermore, in his responsive brief to the motion of the Defendants to dismiss, John D. Thrush argued that his action was supported by existing law. Only *after* the filing of the Rule 11 motion, did he advance the argument that he was attempting to extend, modify, or reverse existing law. Failure to present a claim as an attempt to expand existing law prior to the filing of Rule 11 motion supports the imposition of sanctions. *See Pensiero v. Lingle*, 115 F.R.D. 233 (M.D.Pa. 1987) (Caldwell, J.) Moreover, a satisfactory explanation for Thrush's failure to appeal to the United States Supreme Court has not been offered. We conclude that the motion for sanctions should be granted. John D. Thrush and his attorney are equally at fault. We shall order John D. Thrush and his attorney to pay the reasonable expenses incurred by Donna G. Thrush in defending this frivolous action.

Determining that reasonable attorney's fees and costs will be awarded as a sanction for violating Fed.R.Civ.P. 11, obviates the need to address Donna G. Thrush's application for attorney's fees and costs pursuant to 42 U.S.C. § 1988. We shall now address the reasonableness of the requested attorney's fees and costs.

Donna G. Thrush's attorney, Dianne E. Dusman, seeks counsel fees for her representation of Donna G. Thrush defending this action and for the application for counsel fees in the amount of $5,919.02. The amount may be broken down as follows:

| | |
|---|---:|
| Counsel fees for defense of case | $2,754.00 |
| Costs incurred during defense of case | 14.02 |
| Counsel fees for attorney's fees phase of case | 2,988.00 |
| Costs for attorney's fees phase of case | 163.00 |
| Total | $5,919.02 |

At the hearing on Donna G. Thrush's application for attorney's fees and costs, attorney Dusman introduced an itemized statement of services rendered, hours expended, and costs incurred in her representation of Donna G. Thrush in this case. Attorney Dusman testified that the time records were maintained contemporaneously with the work performed and that the charges for attorney's fees were below the normal and customary rate charged by attorneys with her experience. To that extent she challenged the reasonableness of her own fee but did not seek an amount in excess of $60.00 per hour.

John D. Thrush did not contest the reasonableness of the hourly rate, the costs or the time expended. He argued that any award of counsel fees would be improper and contended, without citing any authority, that fees incurred in pursuit of the application for counsel fees were beyond the scope of Fed.R.Civ.P. 11. We cannot agree. Successful movants under Fed.R. Civ.P. 11 are entitled to fees for time spent in preparing the motion, a supporting brief, time itemization, and arguing the motion at a hearing. *See Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir.1978).

We have reviewed the file, the testimony at the hearing, and the itemized statement of services rendered, hours expended, and costs incurred and conclude that a fee of $5,919.02 is reasonable and should be awarded.

## IV. Conclusions of Law.

1. The signature of attorney Smith on the complaint certified that to the best of his knowledge, information and belief, formed after reasonable inquiry, the complaint was well-grounded in fact and warranted by existing law or a good faith

argument for extension, modification, or reversal of existing law.

2. The signature of attorney Smith on the complaint certified that the complaint was not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

3. Attorney Smith did not make a reasonable inquiry into the facts prior to signing and filing the complaint.

4. Attorney Smith did not make a reasonable inquiry into the law prior to filing the complaint.

5. Attorney Smith did not advance a good faith argument for extending, modifying, or reversing existing law at the time of filing the complaint.

6. Attorney Smith's argument that John D. Thrush did not have a fair and full opportunity to litigate the constitutionality of the equitable distribution section of the Pennsylvania Divorce Code in the Pennsylvania courts and that this Court therefore had jurisdiction to act was frivolous.

7. It was unreasonable to file this federal district court action against Donna G. Thrush.

8. It was unreasonable under all of the circumstances to oppose Donna G. Thrush's motion to dismiss, particularly after becoming aware that this Court lacked subject matter jurisdiction.

9. Attorney Dusman's hourly rate of $60.00 per hour is reasonable.

10. The total fees and costs incurred in this case are reasonable.

11. John D. Thrush and his attorney Allen H. Smith are jointly and severally liable to Donna G. Thrush in the amount of $5,919.02 pursuant to Fed.R.Civ.P. 11.

An appropriate order will be entered.