588 A.2d 980

**John B. McCUE, Robert F. Burkardt and William C. Fisher, Petitioners,**

v.

**STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 1, 1990.

Decided March 4, 1991.

Reargument Denied April 30, 1991.

Mark A. Fontana, Reed, Smith, Shaw & McClay, Pittsburgh, for petitioners.

Nicholas Joseph Marcucci, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS and PALLADINO, JJ., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

John B. McCue, Robert F. Burkardt and William C. Fisher (claimants) appeal a State Employees' Retirement Board (Board) order denying their requests to purchase retirement credits for active military service. We affirm. .

The claimants served in the United States military services and received a military reserve pension based on both active duty and service in the reserves. After active service, the claimants became employed by the Commonwealth and entered the Pennsylvania State Employes' Retirement System (Retirement System). Prior to retirement, they sought to purchase retirement credit for military service. These requests were denied because the claimants all intended to apply for military reserve retirement benefits.

Under Section 5304(b) of the State Employees' Retirement Code, 71 Pa.C.S. §§ 5101–5956, (Retirement Code), an active member was eligible to receive credit for non-state service only if he was *not* entitled to a retirement benefit for that service under a retirement plan administered by the federal government. 71 Pa.C.S. § 5304(b). After the claimants retired, the United States District Court for the Middle District of Pennsylvania ruled in *Furgiuele v. Sheffler*, No. 83–0039 (M.D.Pa. Jan. 19, 1984), *aff'd*, 749 F.2d 26 (3rd Cir.1984), that section 5304(b) was unconstitutional because it was in conflict with 10 U.S.C. § 1336.[1]

Subsequently, the claimants again sought to purchase service credit based on the *Furgiuele* decision. Their requests were denied because they were no longer active members of the retirement system and only active members may purchase retirement credit for military service. 71 Pa.C.S. § 5304(a).

The primary issue presented by this appeal is whether the *Furgiuele* decision should be retroactively applied. The Board held that *Furgiuele* should not be applied retroactively. We agree.

There is no dispute that retroactive application of decisions holding statutes unconstitutional is the general rule.

---

1. 10 U.S.C. § 1336 provides:

 No period of service included wholly or partly in determining a person's right to, or the amount of, retired pay under this chapter may be excluded in determining his eligibility for any annuity, pension, or old-age benefit, under any law, on account of civilian employment by the United States or otherwise, or in determining the amount payable under that law, if that service is otherwise properly credited under it.

However, under certain circumstances decisions are not applied retroactively. In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the United States Supreme Court set out criteria for determining whether a decision will be prospectively applied:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision ... could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." (citations omitted.)

*Id.* at 106–107, 92 S.Ct. at 355.

*Chevron* has been applied in Pennsylvania. *August v. Stasak,* 492 Pa. 550, 554, 424 A.2d 1328, 1330 (1981). Nonetheless, the claimants maintain that the *Furgiuele* decision does not meet the *Chevron* criteria and therefore should be applied retroactively. We disagree.

First, claimants assert that *Furgiuele* did not establish a new principle of law either by overruling clear past precedent, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. This is plainly a case of first impression, however, since no other case has reached the issue of conflict between Section 5304 and 10 U.S.C. § 1336. Hence, we must ascertain whether the resolution of this conflict was clearly foreshadowed.

In support of their position, the claimants rely on *Cantwell v. County of San Mateo,* 631 F.2d 631 (9th Cir.1980), *cert. denied,* 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981). In *Cantwell,* the Ninth Circuit invalidated a Califor-

nia statute, similar to Section 5304, because of its conflict with 10 U.S.C. § 1336. As a Ninth Circuit case, it cannot be said that *Cantwell* clearly foreshadowed the decision in *Furgiuele*. We agree with the Board that one decision of a federal circuit does not foreshadow the same resolution in another circuit. As the Board indicated in its opinion, the Third Circuit has refused to follow the Ninth Circuit on many occasions. *See* e.g. *Jones & Laughlin Steel Inc. v. Mon River Towing Inc.*, 772 F.2d 62, 65, 66 (3rd Cir.1985); *Gross v. G.D. Searle & Co.*, 738 F.2d 600, 604 (3rd Cir.1984). Thus, we conclude that *Furgiuele* did decide an issue of first impression not clearly foreshadowed.

Second, the claimants contend that the purpose of 10 U.S.C. § 1336 is served by a retroactive application of *Furgiuele*. They assert the statute's purpose is two-fold: (1) to provide inducement to qualified personnel to remain active in the reserves; and (2) to express appreciation for the past active services of reservists. However, only future reserve service can be encouraged, and only a prospective application of *Furgiuele* is necessary to accomplish this goal. Moreover, as the District Court in *Furgiuele* noted, allowing claimants to purchase retirement credits permits a double credit for their military time.[2]

Finally, the claimants argue there is no inequity imposed on the Board or the retirement system by a retroactive application of *Furgiuele*. However, in *Los Angeles Department of Water and Power v. Manhart*, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978), the U.S. Supreme Court stated that rules applying to pension funds should not be applied retroactively because the liability to a fund could be devastating.[3] The potential claims by retired military personnel if *Furgiuele* were retroactively applied would be substantial. We recognize the significant effect a

**2.** *Id.* slip op. at 9, n. 1.

**3.** *Compare Catania v. Commonwealth State Employees' Retirement Board*, 498 Pa. 684, 450 A.2d 1342 (1982), in which our Supreme Court reasoned that actuarial soundness of a pension fund is considered insufficient grounds for impairing contractual rights established by vested membership in a retirement system.

change in the legal rules governing pensions could have on the reserves in those funds. Given the complexities of pension funding and the potential for fund instability, we are of the opinion that retroactive application would amount to a penalty on the retirement system (and its members) for not anticipating a court decision.[4]

 The claimants additionally assert that, under the doctrine of equitable estoppel, the Board is barred from denying their right to purchase retirement credits. Equitable estoppel arises when a party has intentionally or negligently misrepresented some material fact. *Central Dauphin School District v. Department of Education*, 63 Pa.Commonwealth Ct. 48, 437 A.2d 527 (1981). Here, the retirement system did not intentionally or negligently misrepresent the law. Rather, its decision was based on the interpretation of the law at that time. Although the doctrine is one of fundamental fairness, it cannot be said that fairness requires us to apply equitable estoppel in this case. This is particularly true where the claimants did not appeal the retirement system's refusal to allow them to purchase retirement credits or, as in *Furgiuele*, bring an action challenging Section 5304(b) in federal court.

Thus, for the reasons stated above, we hold the Board did not err when it refused to apply *Furgiuele* retroactively. We also hold that the Board cannot be estopped from denying claimants' application to purchase creditable non-state service for their active military service time.[5]

## ORDER

The decision of the State Employees' Retirement Board denying the applications of John B. McCue, Robert F.

---

4. The United States Supreme Court has refused to retroactively apply federal court decisions changing gender-based rules applying to pension funds. *Florida v. Long*, 487 U.S. 223, 108 S.Ct. 2354, 101 L.Ed.2d 206 (1988).

5. Claimants assert that the Board erred when it held that they had waived or otherwise prejudiced any judicial or contractual rights to purchase credits. As this was an alternative conclusion which is unnecessary to our disposition, we need not address it.

Burkardt and William C. Fisher, dated April 2, 1990 is hereby affirmed.

PALLADINO, Judge, concurring.

Although I concur in the result reached by the majority, I write separately because I respectfully disagree with the rationale of the opinion.

John B. McCue (McCue), prior to his retirement from state employment, requested a statement from the State Employes' Retirement Board (Board) of the cost to purchase military service retirement credit under the State Employes' Retirement System. Board sent the statement to McCue, who sent the Board the purchase amount. Thereafter, the Board notified him that, pursuant to Section 5304(b) of the State Employees' Retirement Code (Code),[1] he could purchase the credit only if he did not apply for retirement benefits for the same service from any other government retirement system. McCue advised the Board that he intended to apply for benefits for the same service under the military reserve retirement system and requested a refund of his payment. The Board returned McCue's payment.

Robert F. Burkardt (Burkardt), prior to his retirement from state employment, telephoned the Board and requested an application to purchase military service retirement credit. The Board advised Burkardt that, pursuant to Section 5304(b) of the Code, he could purchase the credit only if he did not intend to apply for retirement benefits for the service under any other government retirement system. Burkardt then submitted an application for retirement allowance without a request to purchase the service credits.

William C. Fisher (Fisher), prior to his retirement from state employment, requested advice as to the purchase of retirement credit for his active military service, and was advised by the Board that, pursuant to Section 5304(b) of the Code, he could not purchase the credit because he stated

1. Act of March 1, 1974, P.L. 125, *as amended,* 71 Pa.C.S.A. § 5304(b).

an intention to apply for a military reserve pension for the same service.

McCue, Burkardt and Fisher (Claimants), several years after they began receiving their retirement allowances, filed requests to purchase retirement credits for their active military service. The Board denied these requests. Claimants appeal the denial of these later requests to this court.

Claimants submitted the later requests because of an unpublished decision of the United States District Court for the Middle District of Pennsylvania (District Court), *Furgiuele v. Sheffler*, No. 83–0039 (M.D.Pa. Jan. 19, 1984), *aff'd*, 749 F.2d 26 (3rd Cir.1984). *Furgiuele* held that Section 5304(b) conflicts with 10 U.S.C. § 1336, which provides:

> No period of service included wholly or partly in determining a person's right to, or the amount of, retired pay under this chapter may be excluded in determining his eligibility for any annuity, pension, or old age benefit, under any other law, on account of civilian employment by the United States or otherwise, or in determining the amount payable under the law, if that service is otherwise properly credited under it.

Based on the supremacy clause of the United States Constitution, the District Court in *Furgiuele* concluded that Section 5304(b) was unconstitutional. On appeal to this court, Claimants argue that they were not permitted to purchase the retirement credits because of the prohibition in Section 5304(b), and that *Furgiuele* holds Section 5304(b) is unconstitutional. Claimants contend further that *Furgiuele* must be applied retroactively and that they should now be permitted to purchase military service retirement credit.

The majority begins its analysis by identifying the requirements to bind this court retroactively by a judicial decision. I believe, as a threshold matter, we must consider whether *Furgiuele* is binding on this court at all.

The Supreme Court of Pennsylvania has enunciated its judicial position with respect to decisions of the Federal Courts as follows:

When the United States Courts of Appeals for the Third Circuit has held certain practices or procedures to violate federal constitutional rights, its decisions will be accepted and followed by the courts of this Commonwealth until the United States Supreme Court has spoken on the issue.

*Schreiber v. Republic Intermodal Corporation,* 473 Pa. 614, 375 A.2d 1285 (1977). *Furgiuele* was not a decision of the United States Court of Appeals for the Third Circuit. It was a decision of a district court. While we have great respect for the edicts of the district court, its decisions do not control the courts of this commonwealth. *In Re Schulz' Petition,* 384 Pa. 558, 121 A.2d 164 (1956), *Hangelias v. Dawson,* 158 Pa.Superior Ct. 370, 45 A.2d 392 (1946). Accordingly, I believe this court need not consider whether *Furgiuele* is binding on this court retrospectively, because it is not binding on this court at all.

Claimants' sole contention before this court is that the Board's denial of their requests under Section 5304(b) must be reversed based on a retroactive application of *Furgiuele.* Because this court is not bound by *Furgiuele,* we must apply the otherwise unchallenged prohibition of Section 5304(b). There is no dispute that Claimants receive retirement benefits for their active military service under the military reserve retirement system. Section 5304(b) prohibits the purchase of retirement credits for this same service under the State Employes' Retirement System. Consequently, Claimants' requests were properly denied.

Accordingly, I would affirm based on the above analysis.