**Joseph H. RIDGE, an individual,
Petitioner**

v.

**STATE EMPLOYEES' RETIREMENT BOARD OF THE COMMONWEALTH OF PENNSYLVANIA and John Brosius, in his capacity as Executive Secretary of the State Employees' Retirement Board, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1996.

Decided March 13, 1997.

Irving M. Green, New Kensington, for petitioner.

Jerome R. Richter and William H. Roberts, Philadelphia, for respondent, SERB.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and LEADBETTER, JJ.

LEADBETTER, Judge.

Joseph H. Ridge (Ridge), a retired judge of the Court of Common Pleas of Allegheny County, filed an action in this Court's original jurisdiction seeking the issuance of a writ of mandamus ordering the State Employees' Retirement Board of the Commonwealth of Pennsylvania (the Board) to recalculate his retirement benefits using gender-neutral actuarial tables and a declaration that the Board's use of gender-based actuarial tables in calculating retirement benefits for credited service prior to August 1, 1983, is unlawful.[1]

In his amended petition, Ridge avers that the Board used gender-based mortality tables in calculating his retirement benefits for credited service which he accrued prior to August 1, 1983. According to Ridge, the use of such tables has resulted in payment of benefits which are approximately five hundred dollars less per month than those which would be paid to a similarly situated female retiree. Ridge also avers that the present value of his annuity account, as of the date of his retirement, is approximately one hundred fifty-five thousand dollars less than it would be if his benefits had been calculated using gender-neutral tables. Finally, Ridge avers that the use of gender-based tables violates Article 1, sections 26 and 28, of the Pennsylvania Constitution.[2]

The Board filed an answer and new matter to the amended petition. In its answer, the Board admitted that the calculation of Ridge's optional modification of the maximum single life annuity employed gender-based mortality tables for benefits resulting from service prior to August 1, 1983. The Board further admitted that its use of the tables resulted in an optionally modified benefit which is less than that which would have been available to an identically situated female retiree with the same service prior to August 1, 1983. Finally, the Board averred that it ceased using gender-based mortality tables on August 1, 1983, in accordance with *Arizona Governing Comm. for Tax Deferred Annuity & Deferred Compensation Plans v. Norris (Nathalie),* 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983) and *Florida v. Long,* 487 U.S. 223, 108 S.Ct. 2354, 101 L.Ed.2d 206 (1988), *disapproved on other grounds by, Yellow Freight Sys., Inc. v. Donnelly,* 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).[3]

In its new matter, the Board averred, *inter alia,* that: (1) the additional cost, in terms of actuarial present value, of a retroactive application of "topped-up" or female-based mortality tables to Ridge, and all other members of the retirement system who have retired

---

1. Ridge commenced this action by filing a petition for review in the nature of a complaint in mandamus and for a declaratory judgment, naming the Board and John Brosius, in his capacity as Executive Secretary of the Board, as respondents. Ridge subsequently filed an amended petition which named only the Board as a respondent.

2. Article I, section 26 provides:
    Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right nor discriminate against any person in the exercise of any civil right.
    Article I, section 28 provides:
    Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual.
    Section 26 was adopted May 16, 1967, and section 28 was adopted May 18, 1971.

3. In *Norris,* the United States Supreme Court held, in a *per curiam* decision, that a state retirement plan, which paid lower monthly retirement benefits to a female retiree than to a male retiree who had made the same contributions to the plan, violated Title VII of the Civil Rights Act of 1964, 78 Stat. 253, *as amended,* 42 U.S.C. § 2000e, et. seq. *Id.* at 1074, 1081–82, 103 S.Ct. at 3494, 3497–98. The Court further held that benefits derived from contributions made prior to its decision could be calculated according to the state plan as challenged, but that all retirement benefits derived from contributions made subsequent to its decision must be calculated without regard to the sex of the beneficiary. *Id.* at 1074–75, 1106–07, 103 S.Ct. at 3494, 3510–11.

    Subsequently, in *Florida v. Long,* the United States Supreme Court held that the date of its decision in *Norris* was the effective date on which employers were required to offer benefit structures that did not discriminate on the basis of sex and that liability could not be imposed for pre-*Norris* conduct. *Id.* at 225–26, 229, 108 S.Ct. at 2357, 2359.

since the enactment of Article I, sections 26 and 28, would exceed seven hundred and fifty million dollars;[4] (2) the cost of any retroactive action would be born by the Commonwealth and other employers; and (3) a retroactive remedy would unreasonably burden the Commonwealth and its taxpayers.

Ridge subsequently filed a motion for judgment on the pleadings. The Board filed an answer to Ridge's motion and, thereafter, a motion to amend its new matter to assert a statute of limitations defense. Both these motions are now before this Court for resolution. We first address Ridge's motion for judgment on the pleadings.[5]

In this motion, Ridge seeks the retroactive payment of additional pension benefits to adjust for the Board's use of gender-distinct actuarial tables in calculating benefits for service credited prior to August 1, 1983, when the Board ceased using the gender based tables. Although the United States Supreme Court has already indicated that retroactive relief in such cases is not appropriate, *Norris; Florida v. Long,* Ridge seeks such relief under Article I, sections 26 and 28 of the Pennsylvania Constitution. Whether these sections prohibit the use of gender-based mortality tables, as does Title VII of the Civil Rights Act of 1964, is an issue of first impression. However, we need not reach this issue, for even assuming, *arguendo,* that the use of gender based tables violates the Pennsylvania Constitution, Ridge

has failed to establish that such a ruling would be retroactively applied.

As a general rule, a decision which announces a new principle of law is given retroactive application. *Blackwell v. State Ethics Comm'n,* 527 Pa. 172, 182, 589 A.2d 1094, 1099 (1991). Retroactive application, however, "is a matter of judicial discretion which must be exercised on a case by case basis." *Id.* Generally, in the area of pension fund liability, retroactive relief has been denied.

In *McCue v. State Employes' Retirement Bd.,* 138 Pa.Cmwlth. 300, 588 A.2d 980 (1991), *alloc. denied,* 533 Pa. 614, 618 A.2d 404 (1992), this Court addressed the issue of whether a federal court decision which declared section 5304(b) of the State Employees' Retirement Code[6] unconstitutional, should be applied retroactively. There, Commonwealth employees (plaintiffs) sought to purchase retirement credit for their prior military service. Pursuant to section 5304(b), their request was denied because they also intended to apply for military reserve benefits. After plaintiffs retired, a federal district court held that section 5304(b) was unconstitutional. *See Furgiuele v. Sheffler,* No. 83–0039 (M.D.Pa., January 19, 1984), *aff'd,* 749 F.2d 26 (3d Cir.1984). Based upon *Furgiuele,* the plaintiffs again sought to purchase service credit; however, they were denied at that time because they were no longer active members of the retirement system.

---

4. The Board also averred that Ridge has never requested a recalculation of benefits based upon gender-neutral tables; the requests have allegedly been for a recalculation of benefits using female-based tables.

5. A motion for judgment on the pleadings is in the nature of a demurrer in which all of the nonmovant's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the nonmovant may be considered against him. *Such a motion may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise.* Simon v. Commonwealth, 659 A.2d 631, 634 (Pa.Cmwlth.1995) (citations omitted) (emphasis added).

Moreover, in determining whether Ridge is entitled to judgment on the pleadings and, there-

fore, a writ of mandamus, we note that a court may issue a writ of mandamus to compel the performance of a ministerial act or mandatory duty only where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate remedy. *Shaler Area Sch. Dist. v. Salakas,* 494 Pa. 630, 636, 432 A.2d 165, 168 (1981). Mandamus may not be used to direct retraction or reversal of an action already taken in good faith and in the exercise of legitimate jurisdiction. *Matesic v. Maleski,* 155 Pa.Cmwlth. 154, 624 A.2d 776, 778 (1993).

6. 71 Pa.C.S. §§ 5101–5956. Section 5304(b) provides that an active member was eligible to receive credit for non-state service only if he/she was not entitled to a retirement benefit for that service under a retirement plan administered by the federal government.

On appeal to this Court, we held that retroactive application of *Furgiuele* was inappropriate. We stated as follows:

> [I]n *Los Angeles Department of Water and Power v. Manhart*, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978), the U.S. Supreme Court stated that rules applying to pension funds should not be applied retroactively because the liability to a fund could be devastating. The potential claims by retired military personnel if *Furgiuele* were retroactively applied would be substantial. We recognize the significant effect a change in the legal rules governing pensions could have on the reserves in those funds. Given the complexities of pension funding and the potential for fund instability, we are of the opinion that retroactive application would amount to a penalty on the retirement system (and it members) for not anticipating a court decision.

*Id.* 588 A.2d at 982 (footnotes omitted). In determining whether *Furgiuele* should be applied retroactively, the court employed the analysis set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971):

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, we have weighed the inequity imposed by retroactive application, for where a decision ... could pro-

duce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity. (citations omitted)

*McCue*, 588 A.2d at 981.[7] *Accord Norris; Florida v. Long.* As *McCue* demonstrates, retroactive remedies against pension funds are not favored by the laws of either this Commonwealth or the United States.[8]

In the instant case, disputed factual issues lend further support to the probability that retroactive relief will ultimately be denied here. The Board has averred that retroactive relief to Ridge and other similarly situated members of the retirement system could cost the fund in excess of seven hundred and fifty million dollars. Accepting this fact as true for purposes of the instant motion, it is clear that exposing the retirement system to such liability could cause a risk to the fund's stability. It is for this very reason that the policy in this Commonwealth militates against a recalculation of Ridge's benefits. Thus, in light of the defenses set forth in the Board's new matter, Ridge has failed to demonstrate either a clear right to relief, as required in an action in mandamus, or an entitlement to judgment on the pleadings. Accordingly, the motion for judgment on the pleadings is denied.

■ Next, we address the Board's motion seeking leave to amend its new matter to include the averments that Ridge was aware of all facts pertinent to his cause of action by May, 1990, and that his cause of action is barred by the applicable statute of limitations. Ridge opposes the request for leave to amend, asserting that the request is untimely and merely an attempt by the Board to delay determination of his motion for judgment on the pleadings.

---

7. Although the applicability of the analysis set forth in *Chevron Oil* has subsequently been criticized by the United States Supreme Court when addressing the retroactivity of a new rule of federal law, *see e.g., Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), such criticism has not occurred in a factual scenario similar to the one at bar. Nor has the United States Supreme Court questioned or criticized the validity of *Norris* and *Florida v. Long.* Moreover, other than *State v. Commission on Human Rights & Opportunities*, 211 Conn. 464, 559 A.2d 1120 (1989), we are not

aware of any decisions post *Norris* and *Florida v. Long* which have awarded retroactive relief against a public pension fund due to the prior use of gender-based mortality tables. Indeed, a review of *State of Conn. v. Commission on Human Rights* reveals that it is factually dissimilar and not persuasive.

8. Retroactive relief has been described as a change in benefits based upon contributions made before a court's order. *Norris*, 463 U.S. at 1092, 103 S.Ct. at 3503 (Marshall, J., concurring).

In *James A. Mann, Inc. v. Upper Darby Sch. Dist.*, 99 Pa.Cmwlth. 276, 513 A.2d 528 (1986), we summarized the law applicable to requests for leave to amend pleadings:

> Our Supreme Court has held that the right to amend a pleading should be liberally granted. This liberal amendment of pleadings is designed to allow the full development of a litigant's theories and averments. The right to amend should be granted at any stage of the proceedings unless there is resulting prejudice to the other party or where the amendment is against a positive rule of law.

513 A.2d at 530 (citations omitted). Moreover, with respect to the type of prejudice required to warrant the denial of a request for leave to amend, the court stated that "[t]he prejudice to the adverse party, to be sufficient to warrant a court denying a party leave to amend a pleading, must stem from the delay in raising the defense and prejudice to the substantive position of the adverse party." 513 A.2d at 531. *Accord Tanner v. Allstate Ins. Co.*, 321 Pa. Superior Ct. 132, 138, 467 A.2d 1164, 1167 (1983) (The prejudice "must stem from the fact that the new allegations are offered late rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed ....") (emphasis omitted).

Ridge has directed our attention to no prejudice which he will suffer from the delay in the Board's raising of the statute of limitations defense. Accordingly, the Board's motion to amend its new matter is granted.

### ORDER

AND NOW, this 13th day of March, 1997, Petitioner's motion for judgment on the pleadings in the above-captioned matter is denied. The Respondent's motion for leave to amend its new matter to assert a statute of limitations defense is granted.

DOYLE and FLAHERTY, JJ., did not participate in the decision of this case.