# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Neal Saxberg,                :

          Petitioner    :

                        :

           v.           :   No. 85 M.D. 2011

                        :   SUBMITTED:  August 7, 2015

Pennsylvania Dept. of Corrections  :

Court of Common Pleas Lancaster  :

County,                    :

          Respondents   :

**BEFORE:**    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                   **HONORABLE ROBERT SIMPSON,** Judge
                   **HONORABLE JAMES GARDNER COLINS,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**               **FILED:  December 1, 2015**

Before this Court is the Cross-Motion for Judgment on the Pleadings filed by the Pennsylvania Department of Corrections (DOC), in response to a petition for review filed in our original jurisdiction by Jeffrey Neal Saxberg, *pro se,* an inmate currently incarcerated at SCI-Camp Hill, seeking the return of funds in the amount of $910.50 deducted from his inmate account without a sentencing court order.  For the reasons that follow, we grant DOC's motion for judgment on the pleadings.

On March 19, 1999, Saxberg was given a mandatory sentence of life without parole following his conviction of first degree murder.   Shortly thereafter,

while an inmate at SCI-Retreat, DOC began deducting 20% per month from his inmate account pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. § 9728(b)(5), commonly known as Act 84. This section provides in pertinent part:

> The county correctional facility to which the offender has been sentenced or the Department of Corrections *shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation . . .* Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

*Id.* (Emphasis added.)

Saxberg alleges that in October 2010, while addressing a different issue with DOC, he noticed that his sentencing order did not impose fines or costs, and that he pursued an official inmate grievance seeking a return of the deducted funds. After his grievance was denied and he had exhausted his administrative remedies, on May 3, 2012, he filed his amended petition for review in our original jurisdiction against DOC and the Court of Common Pleas of Lancaster County.[1]

In his amended petition, Saxberg argued that DOC was not authorized to make Act 84 deductions when no fines or costs were imposed either orally by the judge at his sentencing hearing or in the written sentencing order. He further

---

[1] Saxberg filed his original petition for review on February 23, 2011. After DOC filed preliminary objections and Saxberg filed his response thereto, by order dated April 25, 2012, we sustained in part and overruled in part, DOC's preliminary objections and directed Saxberg to file an amended petition for review within twenty days.

2

avers that his DC-16D, Sentence Status Summary, shows costs of $910.50, and that the deductions were made pursuant to Act 84 while he was incarcerated at SCI-Retreat until a total of $910.50 was collected, and that it is now paid in full.[2] Saxberg sought reimbursement for the amount deducted as well as the costs of bringing this action.[3]

DOC filed an answer and new matter, raising, among other things, the affirmative defenses of the statute of limitations and laches, stating that Saxberg failed to file his action until February 23, 2011, more than two years after it began making Act 84 deductions from his account in April 2000, and that he knew or should have known that deductions were being taken at that time. In his responsive answer, Saxberg did not deny that the first Act 84 deduction was taken in April 2000 and, for the first time, stated that he was unaware that the Act 84

---

[2] Saxberg attached as Exhibit C to his amended petition for review, a copy of a printout of the Act 84 entries made to his inmate account, which shows that $910.50 was deducted and paid as of 8/29/2001.

[3] Saxberg also raised both due process and double jeopardy claims, asserting that if DOC made deductions pursuant to an order entered after his original sentencing order, he was not made a party to such order and that it constitutes multiple punishment for the same offense. Due to our resolution of this matter, we do not reach Saxberg's constitutional issues except we note that a trial court has the power to alter or modify a criminal sentence within thirty days of its entry, if no appeal is taken. 42 Pa. C.S. § 5505. In general, once the thirty day period is over, the trial court loses the power to alter its orders, and may act outside the thirty-day window only to correct a patent or obvious mistake in a sentence, or in case of fraud or some other grave or compelling circumstance that would constitute extraordinary cause. *Commonwealth v. LeBar,* 860 A.2d 1105, 1111 (Pa. Super. 2004) (citation omitted). Likewise, with respect to Saxberg's double jeopardy claim, we have held that Act 84 is not penal in nature because it neither defines a crime nor imposes additional punishment against a defendant, but instead provides a procedure for DOC to collect court-ordered obligations. *Russell v. Donnelly,* 827 A.2d 535, 537 (Pa. Cmwlth. 2003). Moreover, because Act 84 is a procedural provision, it may be applied retroactively. *Commonwealth v. Ralston,* 800 A.2d 1007, 1009 (Pa. Cmwlth. 2002).

deductions were being taken at that time because he is mentally ill,[4] and that the deductions continued well beyond August 29, 2001 as DOC contends. *See* Answer to Notice to Plead, Paragraphs 16 and 17, at 3.

On November 5, 2014, after this matter had lain dormant for more than two years, a rule to show cause why the action should not be dismissed for want of prosecution was issued against Saxberg. The rule was discharged following the filing of Saxberg's answer thereto, and he was ordered to advance his cause or face dismissal. On January 8, 2015, Saxberg filed a motion for final judgment, treated as a motion for judgment on the pleadings, in which he averred that there were no facts at issue; that he has a property interest in the funds deducted from his inmate account as recognized by the courts; that DOC's updated policy regarding how it makes Act 84 deductions, DC-ADM 005, was not in place in 1999 when he was first sentenced and is not retroactive; and, therefore, that he is entitled to judgment as a matter of law. Thereafter, DOC filed a cross-motion for judgment on the pleadings arguing that Saxberg's action is barred by the statute of limitations because the first Act 84 deduction was made in April 2000; that Saxberg knew or should have known that deductions occurred in April 2000; and that because he did not file his petition for review until February 23, 2011, his claim is time-barred and judgment should be entered in its favor.[5]

---

[4] In his letter brief in opposition to DOC's motion, Saxberg appears to have disavowed this averment, stating that, "[t]hese are the same people who said I was guilty but mentally ill! That was never on the Sentencing Order either. I cleared that issue with the D.o.c. but they turned it around on me saying I used it as an excuse for filing late. Saxberg 'never' claimed such [as] proved by record." Letter Brief, Paragraph 4, at 2.

[5] Following DOC's cross-motion, a briefing schedule was set. However, Saxberg failed to comply with two orders of this court to file his brief in support of his motion and consequently, his motion was dismissed. Accordingly, only DOC's motion is before us for consideration.

In its brief in support of its cross-motion, DOC argues that whether the six-month statute of limitations for mandamus actions or, alternatively, the two-year statute of limitations for due process actions applies, Saxberg's claims are time-barred, because he filed his amended petition for review on February 23, 2011, well after the first Act 84 deduction was made in April 2000.[6] In response to DOC's statute of limitations defense, Saxberg contends that the statute of limitations was tolled until 2010 when he discovered that his sentencing order did not impose costs or fines. Saxberg also seeks to avoid application of the statute of limitations by invoking the continuing violation doctrine, under which he avers that because DOC continued to take Act 84 deductions beyond August 29, 2001, his amended petition is timely so long as the last deduction fell within the limitations period.

Pennsylvania Rule of Appellate Procedure 1532(b), Pa. R.A.P. 1532 (b) states that at any time after the filing of a petition for review in our original jurisdiction, "the court may on application enter judgment if the right of the applicant thereto is clear." The *Note* to this rule indicates that this subsection authorizes the type of relief envisioned by the Pennsylvania Rules of Civil Procedure for judgment on the pleadings. Pa. R.A.P. 1532 *Note*. A party may move for judgment on the pleadings after the relevant pleadings are closed but within such time as to not unreasonably delay trial. Pa. R.C.P. No. 1034 (a). A

---

[6] With respect to his claims sounding in mandamus, Section 5522(b)(1) of the Judicial Code provides that a party bringing an action against "any officer of any government unit for anything done in the execution of his office" has six months from the date of injury to file a claim. 42 Pa. C.S. § 5522(b)(1). Saxberg has also raised due process and double jeopardy claims, which are subject to Section 5524 of the Judicial Code, which imposes a two-year statute of limitations. 42 Pa. C.S. § 5524; *see also Lake v. Arnold,* 232 F.3d 360, 368-69 (3d Cir. 2000); *Storch v. Miller,* 585 A.2d 1173, 1174 (Pa. Cmwlth. 1991).

motion for judgment on the pleadings is similar to a demurrer in which the non-moving party's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the non-moving party may be weighed against him. *Ridge v. State Employees' Ret. Bd.,* 690 A.2d 1312, 1314 n. 5 (Pa. Cmwlth. 1997) (citation omitted). A motion for judgment on the pleadings may be granted only where no material facts are at issue and the law is so clear that a trial would be fruitless. *Id.* We turn now to a consideration of whether Saxberg's claims are barred by the statute of limitations.

Saxberg contends that DOC made unauthorized deductions from his inmate account and seeks a return of those funds through a writ of mandamus.[7] A writ of mandamus is an extraordinary remedy designed to compel the official performance of a ministerial act or mandatory duty. *Evans v. Pa. Bd. of Prob. & Parole,* 820 A.2d 904, 914 (Pa. Cmwlth. 2003). Its purpose is not to establish legal rights but to enforce those legal rights already established. *Id.* at 915. In *Curley v. Smeal,* 41 A.3d 916, 919 (Pa. Cmwlth. 2012), we determined that the six-month statute of limitations applicable for mandamus actions applied to Act 84 deduction claims of this type. However, our Supreme Court stated, in affirming per curiam, *sub nom* "By this Order, this Court does not embrace the Commonwealth Court's view that this action sounds in mandamus or that a six-month statute of limitations applies to actions in mandamus in this context." *Curley v. Wetzel,* 82 A.3d 418 (Pa. 2013). However, as DOC notes, whether the action is subject to a six-month statute of limitations or the two-year statute applicable to actions sounding in trespass,

---

[7] Saxberg specifically prayed for "relief in the form of judgment of $910.50 to be deposited into his prison account thirty days after the decision of the Court . . . as well as the costs of his extensive appeal . . . ." Amended Petition for Review/Action in Mandamus, at 6.

6

Saxberg's claims are time barred because he did not file his original petition for review until more than ten years after the deductions began.

In general, the statute of limitations begins to run when the cause of action accrues, *i.e.,* when the injury is inflicted and the right to institute a suit for damages arises. *Gleason v. Borough of Moosic,* 15 A.3d 479, 484 (Pa. 2011). The party seeking to bring an action has the affirmative duty to use all reasonable diligence to learn the facts and circumstances that form the right of recovery and to bring the suit within the prescribed time period. *Id.* A lack of knowledge, mistake, or misunderstanding will not toll the statute of limitations. *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,* 468 A.2d 468, 471 (Pa. 1983). However, there are times when the statute of limitations may be extended or tolled under certain theories or doctrines, two of which are advanced by Saxberg herein.

The discovery rule is an exception to the general rule that the statute of limitations begins to run as soon as the cause of action accrues, and arises from the inability of the injured party to know of the injury or its cause, despite the exercise of due diligence. *Id.* Reasonable diligence has been defined as "a reasonable effort to discover the cause of an injury under the facts and circumstances present in the case." *Cochran v. GAF Corp.,* 666 A.2d 245, 249 (Pa. 1995) (citation omitted). Here, although Saxberg claims that he did not know that his sentencing order did not impose fines or costs until sometime in October 2010, he admits that the first Act 84 deduction occurred in April 2000. We have stated that "[t]he very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the nature of the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury." *Dalrymple v. Brown,* 701 A.2d 164, 170 (Pa. 1997) (citation omitted). Because Saxberg was

7

aware that the deductions were being made by DOC in 2000, shortly after he was incarcerated following his conviction for first degree murder in 1999, he had a duty to investigate the matter and institute suit in a timely manner. *Id.* Saxberg never averred that despite the exercise of due diligence, he was *unable to discover* the reason why these deductions were being made until his discovery in October 2010. Therefore, we conclude that the discovery rule does not apply to toll the statute of limitations.

Saxberg next argues that DOC continued to take deductions after it claimed they ended on August 29, 2001, and therefore, since this conduct is part of a continuing practice, his amended petition is timely so long as the last deduction fell within the limitation period. He alleges that it was impossible for the entire amount of $910.50 to be deducted from his account in one year as DOC alleges because he did not have the requisite amount of funds to allow for that amount to be deducted over twelve months at the rate of 20% per month. Ordinarily, this fact dispute would preclude judgment on the pleadings. However, the date when the deductions ended is irrelevant as a matter of law.

This court has determined that the monthly deductions made by DOC pursuant to Act 84 do not constitute a continuing violation. *Curley v. Smeal,* 41 A.3d at 920 n.4 [citing *Casner v. Am. Fed'n of State, County and Mun. Employees,* 658 A.2d 865, 871 (Pa. Cmwlth. 1995) (citation omitted) (adopting rationale that continuing violation occurred "would effectively render the limitation period for any cause of action alleging loss of payment meaningless when the payment is received on a regular basis. 'The purpose of a statute of limitation is to bar stale claims and avoid problems of proof arising from stale memories.'")] DOC's decision to enforce its Act 84 policy against Saxberg and its first deduction from

his prison account constituted a discrete and independently actionable act, which triggered his obligation to assert his rights. *See Montanez v. Sec'y Dep't of Corrs.,* 763 F.3d 257, 266-67 (3d Cir. 2014).

Accordingly, we conclude that Saxberg's petition is barred by the statute of limitations and, consequently, the cross-motion for judgment on the pleadings filed by DOC is granted and Saxberg's amended petition for review is dismissed.[8]

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[8] Although Saxberg also named the Court of Common Pleas of Lancaster County (Common Pleas) as a respondent in this action along with DOC, a review of the docket and the record reveals that Common Pleas was never served with original process and no one has ever entered an appearance on Common Pleas' behalf. Proper service is a prerequisite to a trial court acquiring personal jurisdiction over a defendant. *Fraisar v. Gillis,* 892 A.2d 74, 77 (Pa. Cmwlth. 2006). The Pennsylvania Rules of Civil Procedure govern service of original process to ensure notice and are set forth at Pa. R.C.P. Nos. 400-430. These rules designate not only who may make service, but also the time for and manner of effectuating service. While the rules also provide that if service is not made within the time proscribed, the prothonotary upon praecipe may reissue the writ or reinstate the complaint at any time and any number of times, the burden to comply with all procedural rules lies with the plaintiff who chose to initiate the suit, *pro se. Fraisar,* 892 A.2d at 77. Even giving Saxberg's vague and limited averments pertaining to Common Pleas the most liberal reading, Saxberg has failed to state facts that even arguably support a claim against it. Consequently, the lack of service on Common Pleas does not preclude this court from dismissing the action at this time. Moreover, even if Saxberg were allowed to proceed, any claims against Common Pleas would be barred by the statute of limitations in the same manner as are the present claims before this court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Neal Saxberg,                    :
                    Petitioner           :
                                         :
            v.                           :    No. 85 M.D. 2011
                                         :
Pennsylvania Dept. of Corrections        :
Court of Common Pleas Lancaster          :
County,                                  :
                    Respondents          :

# **O R D E R**

AND NOW, this 1st day of December, 2015, the Cross-Motion for Judgment on the Pleadings of the Pennsylvania Department of Corrections is hereby GRANTED, and the Amended Petition for Review filed by Jeffrey Neal Saxberg is hereby DISMISSED with prejudice.

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge